# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11234

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2018

Lyle W. Cayce
Clerk

RAJIN PATEL,

Plaintiff-Appellee

v.

TEXAS TECH UNIVERSITY; DUANE JONES, Individually and in his Official Capacity as Adjunct Professor; WILLIAM PASEWARK, Individually and in his Official Capacity as Texas Tech University Rawls College of Business Associate Dean of Graduate Programs and Research; ROBERT RICKETTS, Individually and in his Official Capacity as Area Coordinator in Accounting; BRITTANY TODD, Individually and in her Official Capacity as Associate Director of the Office of Student Conduct,

Defendants-Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-174

Before JOLLY, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant Texas Tech University appeals from the district court's denial of its motion to dismiss Plaintiff Patel's state-law breach of contract claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Defendants

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11234

Jones, Pasewark, Ricketts, and Todd appeal the district court's decisions to decline ruling on their motion to dismiss all claims against them in their individual capacities and to allow the case to proceed to full discovery. Because Patel filed a motion to withdraw his breach of contract claim pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), we need only address the district court's decisions regarding qualified immunity. We **VACATE** and **REMAND** for further proceedings consistent with this opinion.

"Qualified immunity questions should be resolved 'at the earliest possible stage in litigation.'" *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 815 (2009)). "[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). The plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id.* "*After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Id.* (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987) (emphasis in original). "An order that simultaneously withholds ruling on a qualified immunity defense while failing to constrain discovery to develop claimed immunity is by definition not narrowly tailored." *Id.* at 649.

It appears that the district court did not follow this court's "careful procedure." The record shows that the court held that the qualified immunity defense had been improperly raised in a Rule 12(b)(6) motion to dismiss, and

2

No. 17-11234

should instead be raised in a later motion for summary judgment. Whether this decision intimated further that Appellants' motion was not well taken, because Plaintiff sufficiently carried his pleading burden, we cannot discern. In any event, the district court further failed "to constrain discovery to develop claimed immunity" after apparently refusing to pass on qualified immunity in the first instance. *Id.* The record, in sum, does not demonstrate that the court followed the procedures laid out in *Backe v. LeBlanc* and *Lion Boulos v. Wilson*. It must do so on remand.

Without taking a position on the merits of the pleadings or the immunity defense, we **VACATE** and **REMAND** to the district court for further proceedings consistent with this opinion.